# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

vs.

JOHN DOE subscriber assigned IP address 76.4.240.91,

        Defendant.

2:18-cv-01856-KJD-VCF

**ORDER**

Ex Parte Motion to Serve Subpoena Prior to Rule 26(f) Conference [ECF No. 4]

      Before the Court is Plaintiff Strike 3 Holdings' Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 4). For the reasons discussed below, Plaintiff's motion is granted.

      Plaintiff filed its complaint against the John Doe Defendant on September 25, 2018. (ECF No. 1). Plaintiff alleges that the user associated with IP address 76.4.240.91 "used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." (*Id.* at 4).

      Plaintiff now moves to "serve limited, immediate discovery on Defendant's ISP, CenturyLink, Inc (CenturyLink) so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." (ECF No. 4 at 1). Plaintiff asserts that it has done all it can to identify Defendant by using "Maxmind, a geolocation technology, to trace Defendant's IP address to a geographic area within this Court's in personal jurisdiction," and that Plaintiff cannot obtain any more information without issuing a subpoena to the ISP. (*Id.* at 6-8).

     "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "[W]here the identity of alleged defendants will not be known prior to the filing of a

1

complaint…the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "To determine whether to grant a request for early discovery, the court shall apply the conventional 'good cause' standard that weighs the need for discovery to further justice against the prejudice to the opposing party." *QOTD Film Inv. Ltd. v. Does 1-30*, No. 2:16-cv-00928-APG-GWF, 2016 WL 8735619, at *2 (D. Nev. May 6, 2016).

The Court finds good cause to allow Plaintiff to serve a Rule 45 subpoena on the ISP. Plaintiff has alleged specific acts by Defendant that violate Plaintiff's copyright. Plaintiff has taken the steps it could outside of the subpoena process to identify Defendant. The interests of justice weigh in favor of allowing discovery, as there is no other known way to identify Defendant.

The Court notes that other cases have previously raised concerns with the case of *Cobbler Nevada, LLC v. Gonzales* as it relates to IP address cases. (S*ee* 2:18-cv-01092-JSD-VCF, ECF No. 7; 2:18-cv-01540-JCM-NJK, ECF No. 5). In *Cobbler*, the Ninth Circuit held that an infringement claim failed because pleading a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018).

The Court is persuaded by Plaintiff's argument that *Cobbler* does not raise the pleading standard prior to identifying the Defendant. (ECF No. 4 at 10-11). *Cobbler* dealt with the dismissal of a case after discovery took place, including the subpoena of records from Comcast to identify the holder of an IP address. 901 F.3d at 1145. Interpreting *Cobbler* to require plaintiffs to identify defendants without allowing plaintiffs the tools to do so would not serve the interests of justice.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

IT IS FURTHER ORDERED that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

IT IS FURTHER ORDERED THAT Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DATED this 17th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE